## Case No. 14,139.

The TRANSIT.

[4 Ben. 567.] 1

District Court, S. D. New York. Feb., 1871.

MARITIME LIEN — SUPPLIES — CREDIT OF VESSEL.

Coal was furnished by B. to a steamboat, on the procurement of her master. B. billed the coal to the vessel and owners. The vessel was owned within the state of New York. She was under charter to a person residing out of that state, but this fact was not known to B. till after the coal was furnished. No circumstances existed, to the knowledge or belief of B., showing a necessity for a credit to the vessel. Held, that the credit was not given to the vessel, and that there was no lien upon her for the coal.

This was a libel by Albert R. Bass, to recover the value of a quantity of coal, furnished by him to the Transit, a steamboat owned in New York, but chartered to a person residing out of that state.

W. R. Beebe, for libellant.

W. J. Haskett, for claimant.

BLATCHFORD, District Judge. In this case, the libel must be dismissed, with costs. The credit was not given to the vessel. No circumstances existed, to the knowledge or belief of the furnisher of the supplies, showing any necessity for a credit to the vessel. The furnisher had no information, until after the supplies were furnished, that the vessel was under charter to a person residing out of the state of New York. The fact that, in this case, the libellant billed the coal to the vessel and owners, makes no difference, nor does it make any difference that the master had to do with procuring the coal. There may be, in both cases, a good claim against the owners of the vessel, her charterer, and her master, in personam, but there is no lien on the vessel, which can be enforced in admiralty. The difficulty is, that credit was not, in fact, given to the vessel.